12-1088-cv
Winslow v. Lemma

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of February. two thousand thirteen.

Present:
>        PETER W. HALL,
>        GERARD E. LYNCH,
>        SUSAN L. CARNEY,
>
>                    *Circuit Judges.*

_____

Christina Winslow,

>        *Plaintiff – Appellant*,

>        v.                                                            No. 12-1088-cv

Paulette Lemma,

>        *Defendant – Appellee*.

_____

FOR APPELLANT:        Christina Winslow, *pro se*, Lake May, Florida.

FOR APPELLEE:         Linsley J. Barbato, Assistant Attorney General, *for* George Jepsen, Attorney General for the State of Connecticut, Hartford, Connecticut.

_____

Appeal from a judgment of the United States District Court for the District of Connecticut (Hall, *J.*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Appellant Christina Winslow ("Winslow"), proceeding *pro se*, appeals from the district court's March 9, 2012 order, granting a motion for summary judgment and dismissing her 42 U.S.C. § 1983 action asserting a claim of retaliation for the exercise of protected First Amendment rights. *Winslow v. Lemma*, No. 10-cv-1165, 2012 WL 827065, at *1, *3 (D. Conn. Mar. 9, 2012). Winslow sued Paulette Lemma ("Lemma") after Winslow was dismissed from Central Connecticut State University ("the University"), a dismissal Winslow claims was a reprisal for a letter Winslow wrote to Senator Christopher Dodd claiming the University discriminated against students (including her) on the basis of age and gender. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

We review *de novo* the grant of summary judgment, *Miller v. Wolpoff & Abramson, LLP*, 321 F.3d 292, 300 (2d Cir. 2003), and "we are required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought," *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003) (internal quotation marks omitted). A district court may grant a motion for summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment is appropriate when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

2

"To survive summary dismissal, a plaintiff asserting a First Amendment retaliation claim must advance non-conclusory allegations establishing: (1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected speech and the adverse action." *Garcia v. S.U.N.Y. Health Scis. Ctr. of Brooklyn*, 280 F.3d 98, 106-10 (2d Cir. 2001) (internal quotation marks omitted) (alterations omitted). The district court concluded that Winslow had proven the first element because Winslow's speech—her letter to Senator Christopher Dodd claiming inequities due to her age and gender—was protected. The district court concluded, however, that Winslow had not "come forward with evidence from which a reasonable jury could infer that Lemma took adverse action against Winslow for her speech." *Winslow*, 2012 WL 827065, at *3.

On *de novo* review, construing all permissible factual inferences in Winslow's favor, we conclude that Winslow has not shown a causal connection between the protected speech and the adverse action of dismissing her from the University. *See, e.g.*, *Harlen Assocs. v. Inc. Village of Mineola*, 273 F.3d 494, 499 (2d Cir. 2001) ("Although all inferences must be drawn in favor of the nonmoving party, mere speculation and conjecture is insufficient to preclude the granting of the motion.").

In her brief on appeal, Winslow attempts to show that there remains a dispute as to whether Lemma knew of her letter, and, if so, when she learned of it. Winslow cites three letters which she argues are direct evidence that Lemma knew of Winslow's letter prior to her dismissal, thus proving the causal connection between her speech and her dismissal. Winslow first corresponded with Senator Dodd on June 11, 2007. On July 24, 2007, the University's president responded to Senator Dodd's office regarding Winslow's concerns. Winslow also cites a letter from the president dated August 3, 2007. There is no evidence that Lemma was

3

personally aware of either of these letters. Winslow again wrote to Senator Dodd on April 9, 2008. Senator Dodd's response, dated April 14, 2008, was addressed to the Connecticut Department of Higher Education and not the University. Although a May 12, 2008, letter between university administrators mentions Winslow's April 2008 letter, once again Lemma was not involved in that correspondence. None of this evidence would permit a reasonable jury to conclude that Lemma retaliated against Winslow for her 2008 correspondence to Senator Dodd. Moreover, Winslow does not dispute the legitimate reason proffered by Lemma for Winslow's dismissal. Winslow failed four courses, causing her overall grade point average to fall below the minimum 2.70 required of students enrolled in the teaching certificate program. Winslow was informed of this reason for her dismissal and of her right to appeal it within the University, but she did not seek such review. There being no evidence connecting Winslow's dismissal from the University to the letter Winslow sent to Senator Dodd, judgment in favor of Lemma on that issue was warranted. Winslow has failed to identify any other dispute of material fact.

Winslow asserts for the first time on appeal that the University negligently stored her electronic data, which she argues has since compromised her personal information and caused irreparable harm. We decline to consider arguments raised for the first time on appeal. *Singleton v. Wulff*, 428 U.S. 106, 120-21 (1976); *Virgilio v. City of N.Y.*, 407 F.3d 105, 116 (2d Cir. 2005).

We have considered all of Winslow's remaining arguments and find them to be without merit. The judgment of the district court is AFFIRMED.

> FOR THE COURT:
> Catherine O'Hagan Wolfe, Clerk

4